UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

LAWRENCE L.,

            Plaintiff,

      v.                                             **DECISION AND ORDER**
                                                                     20-CV-1006S

COMMISSIONER OF SOCIAL SECURITY,

            Defendant.
_____

       1.       Plaintiff Lawrence L.[1] challenges the determination of an Administrative Law Judge ("ALJ") that he is not disabled within the meaning of the Social Security Act ("the Act"). Plaintiff alleges that he has been disabled since January 2, 2015, due to migraines, anxiety, depression, perforated colon, Crohn's disease, ulcerative colitis, and other conditions. Plaintiff maintains that he is entitled to benefits because his impairments render him unable to work.

       2.       Plaintiff filed applications for disability benefits and supplemental security income on December 19, 2017. After denial at the agency level, Plaintiff proceeded to a video hearing before ALJ Theodore Kim on October 31, 2019. At the time of the hearing, Plaintiff was 49 years old, with at least a high school education, and had past relevant work as a retail manager, retail sales associate, and department manager. The ALJ considered the case *de novo* and, on November 13, 2019, issued a written decision

---

[1] In accordance with this district's Standing Order of November 18, 2020, and consistent with guidance from the Committee on Court Administration and Case Management of the Judicial Conference of the United States, this Decision and Order identifies the plaintiff by first name and last initial only.

1

denying Plaintiff's applications for benefits. The Appeals Council thereafter denied Plaintiff's request for review on June 8, 2020.

3. Plaintiff filed the current action on August 3, 2020, challenging the Commissioner's final decision.[2] After filing of the administrative record, the parties cross-moved for judgment on the pleadings under Rule 12 (c) of the Federal Rules of Civil Procedure, with briefing concluded on October 11, 2021. (Docket Nos. 11, 15, 21, 22.) The case was thereafter assigned here on October 14, 2021, at which time this Court took the motions under advisement without oral argument. (Docket No. 23.) For the following reasons, Plaintiff's motion will be granted, Defendant's motion will be denied, and this case will be remanded to the Commissioner for further proceedings.

4. A party is entitled to judgment on the pleadings under Rule 12 (c) "only if it has established that no material issue of fact remains to be resolved and that it is entitled to judgment as a matter of law." Juster Assocs. v. City of Rutland, 901 F.2d 266, 269 (2d Cir. 1990) (internal quotation marks omitted). In social security appeals, the district court may "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing a decision of the Commissioner of Social Security, with or without remanding the case for a rehearing." 42 U.S.C. §§ 405 (g), 1383 (c)(3).

5. A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. See 42 U.S.C. §§ 405 (g), 1383 (c)(3); Wagner v. Sec'y of Health & Hum. Servs., 906 F.2d 856, 860 (2d Cir. 1990). Instead, the court's inquiry is limited to two issues: (1) whether the Commissioner applied the correct legal standards, and (2) whether the Commissioner's factual findings are supported by substantial

---

[2] The ALJ's November 13, 2019 decision became the Commissioner's final decision in this case when the Appeals Council denied Plaintiff's request for review.

2

evidence.  See Greek v. Colvin, 802 F.3d 370, 374-75 (2d Cir. 2015) (per curiam); see also Norman v. Astrue, 912 F. Supp. 2d 33, 70 (S.D.N.Y. 2012) ("The Court first reviews the Commissioner's decision for compliance with the correct legal standards; only then does it determine whether the Commissioner's conclusions were supported by substantial evidence.").  In conducting this inquiry, the court cannot substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a *de novo* review."  Valente v. Sec'y of Health & Hum. Servs., 733 F.2d 1037, 1041 (2d Cir. 1984).  Consequently, if the Commissioner's determination is free from legal error and supported by substantial evidence, the court must affirm.  See Grey v. Heckler, 721 F.2d 41, 46 (2d Cir. 1983); Marcus v. Califano, 615 F.2d 23, 27 (2d Cir. 1979).

      6.      As it relates to the legal-error inquiry, the court must determine whether "the claimant has had a full hearing under the [Commissioner's] regulations and in accordance with the beneficent purposes of the [Social Security] Act."  Moran v. Astrue, 569 F.3d 108, 112 (2d Cir. 2009) (internal quotations and citations omitted).  "Failure to apply the correct legal standard constitutes reversible error, including, in certain circumstances, failure to adhere to the applicable regulations."  Kohler v. Astrue, 546 F.3d 260, 265 (2d Cir. 2008) (citation omitted).  This inquiry is completed first because "[w]here there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."  Johnson v. Bowen, 817 F.2d 983, 986 (2d Cir. 1987).

7. As it relates to the substantial-evidence inquiry, the standard is not high. See Biestek v. Berryhill, __ U.S. __, 139 S. Ct. 1148, 1154, 203 L. Ed. 2d 504 (2019). The United States Supreme Court defines substantial evidence as only "more than a mere scintilla," Richardson v. Perales, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427, 28 L. Ed. 2d 842 (1971), and has clarified that "[i]t means—and means only—'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion,'" Biestek, 139 S. Ct. at 1154 (quoting Consol. Edison Co. v. NLRB, 305 U.S 197, 229, 59 S. Ct. 206, 83 L. Ed. 126 (1938)).  Because the Commissioner's factual findings are conclusive if supported by substantial evidence, see 42 U.S.C. §§ 405 (g), 1383 (c)(3), review is properly focused on whether substantial evidence supports the Commissioner's determination, not whether substantial evidence might also support the plaintiff's position. See Zacharopoulos v. Saul, 516 F. Supp. 3d 211, 220 (E.D.N.Y. 2021) (noting that "the relevant question is not whether substantial evidence supports plaintiff's position, but whether 'substantial evidence supports *the ALJ's decision*'") (quoting Bonet ex rel. T.B. v. Colvin, 523 F. App'x 58, 59 (2d Cir. 2013) (emphasis in original)).  This is "a very deferential standard of review—even more so than the 'clearly erroneous' standard." Brault v. Soc. Sec. Admin., Comm'r, 683 F.3d 443, 448 (2d Cir. 2012) (per curiam) (citing Dickinson v. Zurko, 527 U.S. 150, 153, 119 S. Ct. 1816, 144 L. Ed. 2d 143 (1999)).

8. "To determine on appeal whether [the Commissioner's] findings are supported by substantial evidence, a reviewing court considers the whole record, examining the evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." Williams on Behalf of Williams v. Bowen, 859 F.2d 255, 258 (2d Cir. 1988).  If supported by substantial

4

evidence, the Commissioner's factual findings must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's independent analysis of the evidence may differ from the [Commissioner's]." Rosado v. Sullivan, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). Similarly, where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. See Rutherford v. Schweiker, 685 F.2d 60, 62 (2d Cir. 1982). In short, the substantial-evidence standard requires that once an ALJ finds facts, those facts can be rejected "'only if a reasonable factfinder would *have to conclude otherwise*.'" Brault, 683 F.3d at 448 (quoting Warren v. Shalala, 29 F.3d 1287, 1290 (8th Cir. 1994) (emphasis in original)).

9.  The Commissioner has established a five-step sequential evaluation process to determine whether an individual is disabled under the Act. See 20 C.F.R. §§ 404.1520, 416.920. The Supreme Court recognized the validity of this analysis in Bowen v. Yuckert, and it remains the proper approach for analyzing whether a claimant is disabled. 482 U.S. 137, 140-42, 107 S. Ct. 2287, 2291, 96 L. Ed. 2d 119 (1987).

10. The five-step process is as follows:

> First, the [Commissioner] considers whether the claimant is currently engaged in substantial gainful activity. If he is not, the [Commissioner] next considers whether the claimant has a "severe impairment" which significantly limits her physical or mental ability to do basic work activities. If the claimant suffers such an impairment, the third inquiry is whether, based solely on medical evidence, the claimant has an impairment which is listed in Appendix 1 of the regulations. If the claimant has such an impairment, the [Commissioner] will consider her disabled without considering vocational factors such as age, education, and work experience; the [Commissioner] presumes that a claimant who is afflicted with a "listed" impairment is unable to perform substantial gainful activity. Assuming the claimant does not have a listed impairment, the fourth inquiry is whether, despite the claimant's severe impairment, she has the residual functional capacity to

5

>perform her past work.  Finally, if the claimant is unable to perform her past work, the [Commissioner] then determines whether there is other work which the claimant could perform.

Berry v. Schweiker, 675 F.2d 464, 467 (2d Cir. 1982) (per curiam) (quotations in original); see also 20 C.F.R. §§ 404.1520, 416.920; Rosa v. Callahan, 168 F.3d 72, 77 (2d Cir. 1999).

11.     The claimant has the burden of proof on the first four steps; the Commissioner has the burden of proof on the fifth step.  See Bowen, 482 U.S. at 146 n.5; Ferraris v. Heckler, 728 F.2d 582, 584 (2d Cir. 1984).  The fifth step is divided into two parts.  First, the Commissioner must assess the claimant's job qualifications by considering his or her physical ability, age, education, and work experience.  Second, the Commissioner must determine whether jobs exist in the national economy that a person having the claimant's qualifications could perform.  See 42 U.S.C. §§ 423 (d)(2)(A), 1383 (c)(1)(A); 20 C.F.R. §§ 404.1520 (f), 416.920 (a)(4); Heckler v. Campbell, 461 U.S. 458, 460, 103 S. Ct. 1952, 1954, 76 L. Ed. 2d 66 (1983).

12.     In this case, the ALJ found the following with regard to the five-step process set forth above: (1) Plaintiff had not engaged in substantial gainful activity since January 2, 2015, the alleged onset date (R. at 15); (2) Plaintiff's Crohn's disease, degenerative disc disease of the lumbar spine, major depressive disorder, and generalized anxiety disorder were severe impairments within the meaning of the Act (R. at 15); (3) Plaintiff did not have an impairment or combination of impairments that met or medically equaled any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (R. at 15-18); (4) Plaintiff retained the residual functional capacity ("RFC") to perform light work as

defined in 20 C.F.R. §§ 404.1567 (b) and 416.967 (b), with certain exceptions[3] (R. at 18-27); (5) Plaintiff was unable to perform his past relevant work (R. at 27); and (6) Plaintiff could perform jobs that exist in significant number in the national economy (R. at 27-28). Accordingly, the ALJ determined that Plaintiff was not under a disability as defined by the Act from January 2, 2015, through November 13, 2019.  (R. at 13, 28.)

   13. Plaintiff challenges the ALJ's decision as it relates to his mental limitations. First, Plaintiff argues that the ALJ's reasons for rejecting the opinion of his treating psychiatrist, Kalaselvi Rajendran, M.D., are not supported by substantial evidence. Second, and relatedly, Plaintiff argues that the ALJ failed to properly consider the mental health Listings at Step 3.  Finally, Plaintiff argues that the ALJ impermissibly relied on his own lay opinion to formulate his RFC and to determine that he would be off-task for 10% of the workday.  In response, the Commissioner argues that the ALJ's decision is free from legal error and supported by substantial evidence and should therefore be affirmed. Because this Court finds that remand is necessary for proper consideration of Dr. Rajendran's opinion, it does not reach Plaintiff's other points of error, which the ALJ and the parties are free to explore on remand.

---

[3] The ALJ found that Plaintiff retained the RFC to engage in light work with the following exceptions:

> He can occasionally push, pull or operate foot controls with both lower extremities.  He can occasionally kneel, crouch, stoop, balance, and crawl, and can occasionally climb stairs and ramps.  He can never climb ladders, ropes and scaffolds and can never be exposed to unprotected heights and moving mechanical parts.  He can tolerate occasional exposure to vibration.  He is able to understand, carry out, and remember simple instructions, and make simple work[-]related decisions.  He can occasionally deal with co-workers and supervisors, and can never deal with the public.  He can occasionally deal with changes in a routine work setting.  He will be off task ten percent of the workday.

(R. at 18.)

14. Plaintiff argues that the ALJ's reasons for rejecting Dr. Rajendran's opinion are not supported by substantial evidence. Dr. Rajendran is Plaintiff's treating psychiatrist. On May 23, 2019, she completed a Mental Impairment Questionnaire wherein she found Plaintiff to have extreme limitations in each of the four areas of mental functioning. (R. at 368-373.) That is, Dr. Rajendran opined that Plaintiff was not able to function independently, appropriately, or effectively on a sustained basis in the areas of (1) understanding, remembering, and applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself. (R. at 370.) This is the only mental-health assessment in the record.

15. Underlying Dr. Rajendran's opinion are her diagnoses of major depression (recurrent) and generalized anxiety disorder with panic attacks, as well as her clinical findings that Plaintiff was cooperative, had a tense and anxious affect, had a tense and anxious mood, and showed no signs of hallucinations, delusions, or suicidal thoughts. (R. at 368.) As to Plaintiff's depressive disorder, Dr. Rajendran observed that he had depressed mood, diminished interest in almost all activities, some degree of psychomotor retardation, feelings of worthlessness, disturbed sleep, decreased energy, and difficulty concentrating or thinking. (R. at 369.) As to Plaintiff's anxiety disorder, Dr. Rajendran observed that Plaintiff experienced restlessness, difficulty concentrating, muscle tension, fatigue, irritability, and sleep disturbance. Id. As to panic, Dr. Rajendran found that Plaintiff had panic attacks followed by persistent concern or worry about having additional panic attacks and that he had a disproportionate fear of using public transportation and being in a crowd. Id.

16. Dr. Rajendran opined that Plaintiff's mental limitations precluded any work because his increased panic attacks resulted in physical manifestations of increased heart rate, tight chest, difficulty breathing, feelings of faintness, vomiting, and diarrhea. (R. at 370.) Dr. Rajendran's further opined that Plaintiff is "not able to handle day to day life . . . can't deal with people," and would "probably run away from people." (R. at 370, 371.) She classified Plaintiff's condition as a serious and persistent mental disorder with a documented medical history of more than two years (R. at 370, 371), and relayed that Plaintiff's response to treatment was "marginal" and his prognosis was "guarded to poor," (R. at 368).

17. Under the regulations applicable to claims filed on or after March 27, 2017, the Commissioner no longer defers to medical opinions[4] nor gives them any specific evidentiary weight. See 20 C.F.R. §§ 404.1520c (a), 416.920c (a). Instead, the

---

[4] Under the revised regulations, a "medical opinion" is defined as follows:

> Medical opinion. A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) and whether you have one or more impairment-related limitations or restrictions in the following abilities:
>
> (i) Your ability to perform physical demands of work activities, such as sitting, standing, walking, lifting, carrying, pushing, pulling, or other physical functions (including manipulative or postural functions, such as reaching, handling, stooping, or crouching);
>
> (ii) Your ability to perform mental demands of work activities, such as understanding; remembering; maintaining concentration, persistence, or pace; carrying out instructions; or responding appropriately to supervision, co-workers, or work pressures in a work setting;
>
> (iii) Your ability to perform other demands of work, such as seeing, hearing, or using other senses; and
>
> (iv) Your ability to adapt to environmental conditions, such as temperature extremes or fumes.

20 C.F.R. §§ 404.1513 (a)(2); 416.913 (a)(2).

Commissioner assesses the persuasiveness of medical opinions according to five factors: (1) supportability; (2) consistency; (3) relationship with the claimant; (4) specialization; and (5) other factors, including familiarity with other evidence in the claim or an understanding of the agency's policies and evidentiary requirements.  See 20 C.F.R. §§ 404.1520c (c)(1)-(5), 416.920c (c)(1)-(5).

18.  Of these factors, supportability and consistency are the most important.  See 20 C.F.R. §§ 404.1520c (a), (b)(2), 416.920c (a), (b)(2).  "Supportability" concerns the degree to which a medical opinion is supported by objective medical evidence and supporting explanations: "[t]he more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinions(s) . . . the more persuasive the medical opinion(s) . . . will be."  See 20 C.F.R. §§ 404.1520c (c)(1), 416.920c (c)(1).  "Consistency" measures the degree to which a medical opinion is consistent with the evidence from other medical and non-medical sources: "[t]he more consistent a medical opinion(s) . . . is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion(s) . . . will be."  See 20 C.F.R. §§ 404.1520c (c)(2), 416.920c (c)(2).

19.  The Commissioner is generally required to articulate and explain only the consideration of the supportability and consistency factors, not the others.  See 20 C.F.R. §§ 404.1520c (b)(2), 416.920c (b)(2).  But if the Commissioner finds that two or more medical opinions on the same issue are equally well-supported and consistent with the record but are not exactly the same, the Commissioner will articulate the consideration of the other most persuasive factors.  See 20 C.F.R. §§ 404.1520c (b)(3), 416.920c (b)(3).

20. Applying these regulations, the ALJ found Dr. Rajendran's opinion unpersuasive. (R. at 26.) In his view, Dr. Rajendran's findings of extreme limitations were not consistent with or supported by the record as a whole. Id. This is because Dr. Rajendran noted positive findings only "on occasion," and further found that Plaintiff was well dressed, had a pleasant and cooperative attitude, engaged in activities of daily living, had clear speech, was of normal orientation and average intellectual functioning, and had no loose associations, hallucinations, or delusions. (R. at 16-17, 26.) In addition, other medical providers noted that Plaintiff appeared healthy, was pleasant, and had no history of psychiatric hospitalizations or suicide attempts. Id. The ALJ also discounted Dr. Rajendran's opinion because she opined that Plaintiff was disabled and could not work, which are opinions on the ultimate issue that is reserved to the Commissioner. (R. at 26.)

21. Upon review, this Court finds that the ALJ's consideration of Dr. Rajendran's opinion is not supported by substantial evidence. First, the ALJ incorrectly states that Dr. Rajendran found indicators of decreased mental functioning only "on occasion," when in fact Dr. Rajendran made such findings on *each* of the seven occasions that she treated Plaintiff. (R. at 16, 17, 26.) In August 2018, Dr. Rajendran found that Plaintiff had "tensed" affect and mood and was very nervous and anxious, with a guarded prognosis. (R. at 419, 420.) Three months later, in November 2018, Dr. Rajendran noted that Plaintiff was depressed and extremely anxious. (R. at 419.) In March 2019, Dr. Rajendran found that Plaintiff was "markedly anxious" with underlying depression and was minimizing his mental-health condition. (R. at 416.) She further found that his affect and mood were tense and that his insight and judgment were impaired. (R. at 417.) One month later, in April 2019, Dr. Rajendran observed that Plaintiff was "extremely, anxious,

11

nervous, and tense," and was "shaky when he talks." (R. at 415.) She found him to be "very depressed;" "very nervous, anxious and tense" with "superficial insight;" and with only "very marginal functioning." Id.  Later in April 2019, Dr. Rajendran again found a "[v]ery marginal functioning level." R. at 413.  In May 2019, Dr. Rajendran observed that Plaintiff was "very nervous, anxious," had limited concentration, was easily overwhelmed, lacked 'the capacity to concentrate in any place in a regular job for eight hours," and had depressed mood and affect. (R. at 410.)  Finally, in June 2019, Dr. Rajendran found that Plaintiff had depressed affect, depressed and frustrated mood, and impaired insight and judgment. (R. at 407.)  Consequently, the ALJ's finding that Dr. Rajendran made positive findings only "on occasion" is not supported by substantial evidence.

22. Second, the evidence the ALJ cites as contrary to Dr. Rajendran's opinion is largely collateral to Plaintiff's claimed mental limitations.  The ALJ does not explain how Plaintiff's ability to dress himself, be cooperative, speak well, and engage in some activities of daily living undermines the existence or extent of his mental limitations or is inconsistent with Dr. Rajendran's opinion to the point of rendering it wholly unpersuasive. (R. at 26.)  Moreover, the ALJ's other straw observations—that Plaintiff had no loose associations, hallucinations, delusions, memory deficiencies, or intellectual deficiencies—do not without further explanation speak to the limiting effect of Plaintiff's depression and anxiety disorders.  Id.  Consequently, the ALJ's finding that Dr. Rajendran's opinion is not supported by or consistent with the evidence as a whole is not supported by substantial evidence.

23. Finally, and similarly, the evidence the ALJ cites from non-mental health providers as inconsistent with Dr. Rajendran's opinion is also collateral to Plaintiff's

claimed mental limitations. Again, the ALJ does not explain how routine observations that Plaintiff is healthy appearing, alert, pleasant, and oriented undermines Dr. Rajendran's opinions concerning the limiting effects of Plaintiff's mental disorders. (R. at 24.) As such, the ALJ's finding that Dr. Rajendran's opinion lacked consistency with the record evidence is not supported by substantial evidence in the record.

24. Because the ALJ's consideration of Dr. Rajendran's opinion—the only one in the record assessing Plaintiff's mental limitations—is not supported by substantial evidence, remand is required. Plaintiff's motion for judgment on the pleadings will therefore be granted, and Defendant's motion seeking the same relief will be denied.

25. Accordingly, after carefully examining the administrative record, this Court finds cause to remand this case to the Commissioner for further administrative proceedings consistent with this decision.

IT HEREBY IS ORDERED, that Plaintiff's Motion for Judgment on the Pleadings (Docket No. 15) is GRANTED.

FURTHER, that Defendant's Motion for Judgment on the Pleadings (Docket No. 21) is DENIED.

FURTHER, that this case is REMANDED to the Commissioner of Social Security for further proceedings consistent with this decision.

FURTHER, that the Clerk of Court is directed to CLOSE this case.

SO ORDERED.

Dated:  March 28, 2022
        Buffalo, New York

                                        s/William M. Skretny
                                        WILLIAM M. SKRETNY
                                        United States District Judge